## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ADAYE RUSSOM,**

      **Plaintiff,**

      v.

**1LIFE HEALTHCARE d/b/a One Medical,**

      **Defendant.**

**Civil Action No. 21-2868 (JEB)**

## <u>MEMORANDUM OPINION</u>

After working for Defendant 1Life Healthcare, which does business as One Medical, for less than a year, Plaintiff Adaye Russom was terminated, ostensibly for missing several shifts. In bringing this action under the D.C. Human Rights Act in the D.C. Superior Court, she asserted that the true reasons were that the company did not want to reasonably accommodate her disabilities and allow her to care for her cancer-stricken mother. After removing the case here on diversity grounds, One Medical now moves to dismiss, citing myriad bases. The Court will grant its Motion as to Plaintiff's disability-discrimination claim but deny it as to her counts for retaliation and family-responsibilities discrimination.

### I.    Background

The Court outlines the general facts of Plaintiff's Amended Complaint, leaving the specifics to the analysis that follows. According to that pleading, which the Court must presume true for purposes of this Motion, "Plaintiff began working as an Administrative Assistant at One Medical" in October 2019. <u>See</u> ECF No. 1-1 (Amended Compl.), ¶ 2. After being "involved in a serious car accident" in March 2020, she "took short- and long-term disability leave through August 2020." <u>Id.</u>, ¶ 3. That July, meanwhile, she "became a caregiver for her mother, who was

1

diagnosed with stage IV cancer." Id., ¶ 4.  Russom "has clinical anxiety, Post-Traumatic Stress Disorder (PTSD), and other trauma related to her car accident including the need to use an inhaler.  These disabilities substantially limit the following major life activities: sleep, ability to focus and concentrate, and driving." Id., ¶ 5.

After being cleared for work and asking for a "partially virtual position," "Plaintiff was instructed to return to the office in person for the week of August 31, 2020, and told that Defendant would contact her at the end of the week regarding virtual work." Id., ¶¶ 6–7.  While she did return for a couple of days in early September, One Medical never responded to her inquiries about an accommodation or virtual work, and it then "wrongfully terminated Plaintiff's employment [on September 11] allegedly for missing three days of work, even though she had been told that she was no longer scheduled for those days." Id., ¶¶ 8–9, 35, 38–45.

Believing that this termination was illegal, Russom filed this suit.  After amendment, the Complaint sets forth three counts, all asserting violations of the DCHRA, D.C. Code § 2-1402.11: disability discrimination (Count I), retaliation for requesting reasonable accommodation (Count II), and family-responsibilities discrimination (Count III).  After removing the matter to this Court on diversity-jurisdiction grounds, see ECF No. 1 (Notice of Removal), Defendant now moves to dismiss.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a claim for relief when the complaint "fail[s] to state a claim upon which relief can be granted."  In evaluating a motion to dismiss, the Court must "treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citation and internal quotation

2

marks omitted); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  A court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint.  <u>Trudeau v. FTC</u>, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, [if] accepted as true, to state a claim to relief that is plausible on its face," <u>Iqbal</u>, 556 U.S. at 678 (internal quotation omitted).  A plaintiff may survive a Rule 12(b)(6) motion even if "recovery is very remote and unlikely," but the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555–56 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)).

**III.    Analysis**

As One Medical seeks dismissal of all three counts, the Court will address them separately.

**A.  Disability Discrimination (Count I)**

The Court begins with Russom's claim that she was fired because of her disability. While her count invokes the DCHRA, "decisions under the DCHRA regarding whether an employee was discriminated against because of a 'disability' effectively incorporate judicial construction of related anti-discrimination provisions of the Americans with Disability Act (ADA)."  <u>Turner v. D.C. Office of Human Rights</u>, 243 A.3d 871, 876 n.2 (D.C. 2021) (citation and internal quotation marks omitted).  In addition, "[b]ecause of the similarities between the Rehabilitation Act and the ADA, cases interpreting either are applicable or interchangeable."  <u>Alston v. Washington Metro. Area Transit Auth.</u>, 571 F. Supp. 2d 77, 81 (D.D.C. 2008) (citation

3

and internal quotations omitted).  "[T]he two essential elements of a discrimination claim are that (i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's . . . disability."  Baloch v. Kempthorne, 550 F.3d 1191, 1196 (D.C. Cir. 2008).

One Medical here contests the second requirement.  In doing so, it raises a number of arguments, of which the Court need address only one: that there is no causal link here because Defendant was not aware of Plaintiff's disability.  In order for an employee to show that her employer acted because of her disability, "the employer must have acted with an awareness of the disability itself, and not merely an awareness of some deficiency in the employee's performance that might be a product of an unknown disability. [Courts] have so found under both the Rehabilitation Act itself and the analogous provision of the Americans with Disabilities Act."  Crandall v. Paralyzed Veterans of America, 146 F.3d 894, 897 (D.C. Cir. 1998); see also Evans v. Davis Memorial Goodwill Indus., 133 F. Supp. 2d 24, 28 (D.D.C. 2000) ("notice under the ADA need not be precise, but it must put the employer sufficiently on notice of the existence and nature of the disability").

Rejoining that her Amended Complaint does sufficiently allege notice, Russom points to several passages, but none accomplishes her goal.  She first asserts that "Defendant was aware that Ms. Russom had PTSD and anxiety when it terminated her," ECF No. 1-1 (Pl. Opp.) at 7, but offers no citation to support that proposition.  Plaintiff then maintains that "[t]he Amended Complaint explicitly alleges that Ms. Russom made Defendant aware of conditions that made her high-risk [sic] of severe illness if she contracted COVID-19, including her recent surgery and infection, trauma related to her car accident, her history of smoking, and body mass index."  Id. (citing Am. Compl., ¶ 26(a)).  Yet that paragraph in her Amended Complaint merely cites "her and her mother's compromised health during the ongoing COVID-19 pandemic," Am. Compl.,

¶ 26 (footnote omitted), and then lists the above conditions; it says nothing, however, about notifying Defendant about an ongoing disability.  And, of course, a prior surgery, infection, or trauma — not to mention smoking or obesity — is not, without more, a disability.  Last, Russom believes that One Medical's knowledge that she desired to work remotely means that it knew of her disability.  See Pl. Opp. at 7.  Such a position, however, flies in the face of the precedent cited above, which requires some knowledge of an actual disability.

The Court, accordingly, will dismiss Count I.

B.  Retaliation (Count II)

In her second count, Russom alleges that One Medical terminated her in retaliation for seeking a reasonable accommodation.  See Am. Compl. at 7–8.  "[A]n employee claiming retaliation must ultimately prove '(1) that [the] employee engaged in statutorily protected activity; (2) that the employee suffered a materially adverse action by the employee's employer; and (3) that a causal link connects the two.'"  McIver v. Mattis, 318 F. Supp. 3d 245, 251 (D.D.C. 2018) (quoting Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. of Library of Cong., Inc. v. Billington, 737 F.3d 767, 772 (D.C. Cir. 2013)).  As to the first prong, "the act of requesting in good faith a reasonable accommodation is a protected activity [under the Rehabilitation Act]."  Solomon v. Vilsack, 763 F.3d 1, 15 (D.C. Cir. 2014).  There is also no question that Russom's termination was materially adverse.

One Medical contends that Plaintiff did not engage in protected activity because "the Amended Complaint is bare of any legal authority demonstrating how a fear of illness constitutes a disability within the meaning of the DCHRA."  ECF 1-1 (Mot. to Dismiss) at 12 (citation omitted).  While this may indeed be true, it does not mean that Plaintiff did not "in good faith" request an accommodation, particularly given that the Amended Complaint speaks of her other

accident-related disabilities.  <u>See</u> Am. Compl., ¶¶ 5, 26.  Defendant also posits that Russom has not sufficiently pled a link between her request for an accommodation and her termination.  <u>See</u> MTD at 13.  Although the allegations are a bit convoluted, the Court believes that Plaintiff has cleared the pleading bar here.

For instance, she alleges that following clearance by her medical provider, she communicated in August 2020 with two of Defendants' employees "to begin the process of returning to work."  Am. Compl., ¶¶ 24–25.  She "requested part- or full-time telework as a reasonable accommodation . . . ."  <u>Id.</u>, ¶ 26.  One Medical "sent Plaintiff a Google form to indicate a preference for virtual work."  <u>Id.</u>, ¶ 27.  After some further back and forth, she returned in the first week of September and was told that "her work schedule would be reevaluated after that week given her request for a virtual or hybrid-virtual position."  <u>Id.</u>, ¶¶ 32– 33.  After a further delay, on September 10, 2020, she sent a text message to a Christoper Warneka, her supervisor and the testing-operations lead, checking again about her schedule and her request for virtual work.  <u>Id.</u>, ¶ 42.  The very next day, he informed her that she had been terminated.  <u>Id.</u>, ¶ 45.

Although Warneka cited missed shifts as the basis for her firing, <u>id.</u>, and there is no direct evidence that he reached that decision in retaliation for her request for accommodations, the exceedingly close temporal proximity is sufficient at this juncture to permit the claim to proceed. <u>See</u> <u>BEG Investments, LLC v. Alberti</u>, 144 F. Supp. 3d 16, 23 (D.D.C. 2015) ("But for purposes of this motion to dismiss, because the close temporal proximity of the protected behavior and the alleged retaliation suggest that a causal relationship exists between the two, "[n]o more is necessary to survive Rule 12(b)(6) dismissal.") (internal quotation marks and citation omitted); <u>Scahill v. Dist. Of Columbia</u>, 271 F. Supp. 3d 216, 235 (D.D.C. 2017) ("With respect to

causation, at the motion to dismiss stage[,] the temporal proximity of the protected behavior and the alleged retaliation can suggest that there was a causal relationship between the two.") (internal quotation marks and citation omitted).  The Court will thus permit this count to proceed.

    C.  <u>Family-Responsibilities Discrimination (Count III)</u>

Last up is Plaintiff's third count, which alleges that "Defendant treated Plaintiff differently and adversely because of her family responsibilities and ultimately terminated her employment because of her need to care for her dependent mother."  Am. Compl., ¶ 66.  One Medical acknowledges that "[t]he DCHRA also prohibits discrimination based on family responsibilities," MTD at 13 (citation omitted), and it similarly does not challenge that Russom was a caregiver for her ill mother.  Instead, it again maintains that no causal link is set forth — this time between her termination and her family responsibilities.  <u>Id.</u>

Just as with the preceding count, the Court finds that Plaintiff has pled enough to survive dismissal.  She alleges that around July 21, 2020, she notified Allison Wang, a human-resources employee, and Warneka of her caregiver status.  <u>See</u> Am. Compl., ¶ 22.  A month later, Wang "provided Plaintiff information about eligibility for taking intermittent leave for a family health condition."  <u>Id.</u>, ¶ 23.  As part of her reasonable-accommodation request that month, she cited "her mother's compromised health."  <u>Id.</u>, ¶ 26.  During the week she returned to the office in September, "Plaintiff called out of work due to unexpected caregiving responsibilities for her mother," and she "made clear that she was calling out due to her caregiving responsibilities."  <u>Id.</u>, ¶¶ 36, 37.  As just discussed, she was then terminated on September 11.

Once again, the close temporal proximity of these events is sufficient to permit the count to continue to discovery.  Plaintiff may, down the road, need to decide on which fork to travel —

*i.e.*, was she terminated for requesting an accommodation or for her caregiving responsibilities or both? — but at this time she is free to pursue alternate avenues to relief.  See, e.g., U.S. ex rel. Lincoln v. Mead-Data, Inc., No. 03-3834, 2006 WL 2597936, at *5 (W.D. Wash. 2006) ("Although Plaintiff's wrongful termination claim appears to overlap significantly with her retaliation claim, she is permitted to bring claims under alternative legal theories.").

***

One final point bears mention: Plaintiff argues in her Opposition that if any count were to be dismissed, she should be permitted leave to amend.  See Pl. Opp. at 12–13.  That request goes nowhere, as it is "well settled law that a plaintiff cannot amend its complaint by the briefs in opposition to a motion to dismiss."  Kingman Park Civic Ass'n v. Gray, 27 F. Supp. 3d 142, 165 n.10 (D.D.C. 2014); accord Hudson v. AFGE, 308 F. Supp. 3d 388, 395 (D.D.C. 2018).

## IV.    Conclusion

For these reasons, the Court will grant in part and deny in part Defendant's Motion to Dismiss. Count I alone will be dismissed without prejudice. A separate Order consistent with this Opinion will be issued this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  November 12, 2021